UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. LOCOCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08CV00143 ERW |
| | ) |
| FLORISSANT POLICE DEPARTMENT, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Michael A. Lococo (registration no. 284183) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $22.08, and an average monthly account balance of $14.25. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.42, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Florissant Police Department and "Department of Corrections, Moberly Correctional

Center." Plaintiff alleges that, "before [his] conviction . . . the Florissant Police" illegally took firearms from his apartment. He asks the Court to give the firearms to his fiancee or to sell them at Blue Book value, and to give the "742 Woodsmaster 30.06 [to his] brother."

## Discussion

Having carefully reviewed the complaint, the Court concludes that this action will be dismissed as legally frivolous. To the extent that plaintiff is attempting to assert claims against the Missouri Department of Corrections, the claims are barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). Moreover, a suit against the Missouri Department of Corrections and/or the Moberly Correctional Center is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). The complaint is also legally frivolous as to the Florissant Police Department, because police departments are not suable entities under § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992); see also De La Garza v. Kandiyohi County Jail, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983; local governments can be liable under § 1983 only if injury stems from official policy or custom).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $4.42 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the

case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 27th Day of February, 2008.

 _____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**